# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FANNIE R. MEEKINS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C16-1650-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Fannie R. Meekins appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 65-year-old woman with a college degree. Administrative Record ("AR") at 46. Her past work experience includes employment as a bookkeeper and project manager. AR at 162, 178-80. Plaintiff was last gainfully employed in April 2011. AR at 46-47, 984.

On July 30, 2010, Plaintiff protectively applied for DIB, alleging an onset date of October 31, 2008. AR at 131-40, 158. Plaintiff asserts that she is disabled due to kidney

transplant, back pain, diabetes, sleep apnea, anemia, and vision loss. AR at 161, 191.

The Commissioner granted Plaintiff's request for benefits as to the period from October 31, 2008, through June 30, 2010, and affirmed that decision on reconsideration. AR at 83-87, 90-94. Plaintiff requested a hearing, which took place on April 23, 2012. AR at 39-77. On May 24, 2012, the ALJ issued a decision finding Plaintiff disabled from October 31, 2008, through June 30, 2010, but not disabled thereafter. AR at 20-33. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).

Plaintiff sought judicial review, and the U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand for further administrative proceedings. AR at 1030-1040. A different ALJ held a hearing on April 26, 2016. AR at 969-992. The ALJ entered a decision finding Plaintiff not disabled from July 1, 2010, through November 30, 2011.[1] AR at 948-60. On October 21, 2016, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

---

[1] Plaintiff was found disabled as of December 1, 2011, by the Appeals Council in November 2014. AR at 1050-54.

REPORT AND RECOMMENDATION - 2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Meekins bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at

REPORT AND RECOMMENDATION - 3

any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On June 24, 2016, the ALJ found:

1. The claimant last met the insured status requirements of the Act on December 31, 2015.

2. The claimant did not engage in substantial gainful activity from July 1, 2010, through November 30, 2011.

3. From July 1, 2010, through November 30, 2011, the claimant's lumbar degenerative disc disease; status post kidney transplant; diabetes; left eye cataract; retinopathy; status post right knee fracture and continuing arthritis; anemia; and obesity were severe impairments.

4. From July 1, 2010, through November 30, 2011, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. For the period from July 1, 2010, through November 30, 2011, the claimant had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with additional limitations. She was occasionally able to push and pull with her legs within these exertional limitations and had no limitations in her ability to push and pull with her arms. She had no limitations in her ability to sit. She was able to stand one hour and walk one hour each over an 8-hour day with regular breaks. She could never climb, crawl, kneel, or crouch. She was able to stoop occasionally. She had to avoid vibratory tasks and hazards such as dangerous machinery, heights, and driving; and concentrated exposure to temperature extremes. She was able to perform work tasks that did not involve depth perception and could handle objects one-quarter inch in size or larger.

6. For the period from July 1, 2010, through November 30, 2011, the claimant was capable of performing past relevant work as a project director.

7. The claimant was not under a disability, as defined in the Act, at any time from July 1, 2010, through November 30, 2011.

AR at 950-60.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting the opinion of treating physician Vilma Quijada, M.D.;

2. Whether the ALJ erred in discounting Plaintiff's subjective testimony; and

3. Whether the ALJ erred in assessing Plaintiff's RFC.[3]

Dkt. 11 at 1.

## VII. DISCUSSION

A. <u>The ALJ did not err in assessing Dr. Quijada's opinion.</u>

   1. *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts

---

[3] This assignment of error is enveloped in the first assignment of error, because Plaintiff's only identified error in the RFC assessment is the ALJ's failure to account for Dr. Quijada's opinion. Dkt. 11 at 14. Because, as explained *infra*, the ALJ did not err in discounting Dr. Quijada's opinion, the ALJ did not need to account for the limitations identified by Dr. Quijada in the RFC assessment. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Thus, this assignment of error need not be addressed separately.

and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

   2.   *Dr. Quijada's opinion*

Dr. Quijada completed a form RFC questionnaire in August 2011, finding *inter alia* that Plaintiff could sit for more than two hours and up to six hours total, and stand for 45 minutes at a time, but less than two hours total. AR at 806-10. Dr. Quijada also indicated that Plaintiff must walk every 15 minutes, for 10 minutes at a time. AR at 808. She stated that Plaintiff's legs should be elevated for four hours per day. *Id*. She opined that Plaintiff's symptoms would frequently interfere with her attention and concentration, but that she could perform low-stress jobs. AR at 807. She attributed Plaintiff's limitations to her "chronic disease", severe facial pain, left side neuralgia of the face, left knee joint pain, uncontrolled diabetes mellitus, irregular heart, and anxiety. AR at 806-07.

The ALJ summarized Dr. Quijada's findings and explained that she gave little weight to it because (1) although Dr. Quijada attributed some of Plaintiff's limitations to her anxiety, there was no "clinical assessment or treatment for anxiety" in the medical record; (2) there is no objective support for Dr. Quijada's opinion that Plaintiff was limited to standing/walking less than two hours total or must move around every 15 minutes for 10 minutes, and the opinion is internally inconsistent on this point, because Plaintiff could not both walk every 15 minutes for 10 minutes and walk less than two hours total; and (3) Dr. Quijada's limitations regarding turning the head, twisting, handling, fingering, and absenteeism were not supported

REPORT AND RECOMMENDATION - 7

by objective evidence. AR at 957-58.

Plaintiff argues first that she did not allege anxiety to be disabling, and that the ALJ's finding with regard to anxiety is a red herring. Dkt. 11 at 12. Whether Plaintiff alleged anxiety to be disabling is irrelevant; Dr. Quijada's reference to anxiety without record support for the proposition that Plaintiff had ever been diagnosed with or treated for anxiety undermines Dr. Quijada's opinion that anxiety causes any limitations. Although Plaintiff contends that the evidence cited by the ALJ actually references anxiety, she is mistaken: the treatment note states that Plaintiff "feels stressed out[,]" but there is no mention of anxiety. Dkt. 11 at 12 (citing AR at 745). The ALJ did not err in discounting Dr. Quijada's opinion to the extent that she indicated that anxiety caused work-related limitations. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996) ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments[.]").

Next, Plaintiff argues that the objective medical evidence does indeed support Dr. Quijada's opinion, but her arguments are not persuasive. Plaintiff contends that she underwent a kidney transplant two days prior to the period adjudicated by the ALJ, but, as noted by the Commissioner, Plaintiff misstates the record on this point: her kidney transplant occurred on June 29, 2009, and the period adjudicated by the ALJ began on July 1, 2010. *See* AR at 483, 948; Dkt. 15 at 11. Plaintiff did not address this mistake in a reply brief.

Plaintiff also emphasizes that an x-ray performed one day after the end of the period adjudicated by the ALJ noted severe disc space loss. Dkt. 11 at 12 (citing AR at 764). As noted by the Commissioner, Plaintiff again misstated the record: the x-ray was performed in December 2010, and the period adjudicated by the ALJ ended on November 30, 2011. Dkt. 15 at 11 n.3. In any event, Plaintiff has not shown how the cited x-ray supports Dr. Quijada's

REPORT AND RECOMMENDATION - 8

opinion, because the x-ray report does not indicate any particular functional limitations. AR at 764. Plaintiff's other citations to records related to Plaintiff's knee problems, diabetes, and tremors are similarly unpersuasive, because they do not indicate any particular functional limitations and thus do not bolster Dr. Quijada's opinion. *See* Dkt. 11 at 12 (citing AR at 667, 670, 756, 762, 825).

Lastly, Plaintiff cites records related to her vision as evidence that supports Dr. Quijada's opinion. Dkt. 11 at 12-13 (citing AR at 762, 863, 864, 944). Dr. Quijada did not indicate any vision-related limitations, however, and did not mention any vision-related diagnoses as supporting her opinion. AR at 806-10. Thus, Plaintiff reference to vision-related evidence is unavailing.

Accordingly, because Plaintiff has not shown that the ALJ erred in finding that the medical record does not support the limitations indicated by Dr. Quijada, the ALJ's assessment of that opinion should be affirmed. Lack of support in the record is a specific, legitimate reason to discount a physician's opinion. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

B. <u>The ALJ did not err in discounting Plaintiff's subjective testimony.</u>

The ALJ discounted Plaintiff's subjective testimony for several reasons: (1) the record was inconsistent with Plaintiff's description of disabling back pain, because she infrequently reported back pain to providers and did not receive any treatment, physical therapy, or medication management for her back condition during the adjudicated period; (2) the record was also inconsistent with Plaintiff's description of disabling knee problems, because her complaints were "episodic" and Dr. Quijada indicated that she did not require a cane for occasional standing and walking; (3) her diabetes and kidney issues were stable during the

REPORT AND RECOMMENDATION - 9

adjudicated period, and she maintained 20/80 vision; and (4) her activities demonstrate a greater level of functioning than alleged. AR at 957. Plaintiff raises several challenges to the ALJ's reasoning, which will be discussed in turn.

1. *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722. Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[4] *Burrell v. Colvin* 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically

---

[4] In SSR 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). The Court, however, continues to cite to relevant case law utilizing the term credibility.

REPORT AND RECOMMENDATION - 10

identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

    2.    *Plaintiff's hearing testimony*

Plaintiff emphasizes that the ALJ did not take any testimony regarding symptoms from Plaintiff at the second administrative hearing, and that the ALJ did not explicitly rely on her testimony at the first administrative hearing. Dkt. 11 at 6-8. Plaintiff has failed to identify an error here: Plaintiff has failed to cite any authority requiring an ALJ to elicit symptom testimony at the second administrative hearing, particularly where the remand instructions were narrow and did not reference additional testimony. *See* AR at 1030-31, 1050-54. Moreover, Plaintiff's counsel indicated at the second administrative hearing that no additional testimony was needed. AR at 981. Plaintiff has not established that the ALJ erred in failing to elicit symptom testimony at the second administrative hearing.

    3.    *Objective medical evidence*

Plaintiff cites various medical records as supporting her subjective complaints, but has not identified evidence indicating that the ALJ's interpretation of the record is erroneous. Dkt. 11 at 6. Plaintiff cites objective evidence corroborating the existence of her back and knee conditions, and diabetes, but that evidence does not show the ALJ was incorrect in finding that her complaints related to these conditions were minimal and that treatment was likewise minimal during the adjudicated period. Dkt. 11 at 6-7. Plaintiff also cites evidence related to

REPORT AND RECOMMENDATION - 11

her vision problems (Dkt. 11 at 7), but the ALJ did not rely on vision-related evidence in discrediting Plaintiff's subjective testimony, and thus this analysis fails to identify an error in the ALJ's decision.

Plaintiff goes on to argue that because she had a kidney transplant two days prior to the adjudicated period, it is "unfathomable to say her kidney functions were well controlled two days following a transplant and more so that she was capable of performing sedentary work TWO DAYS after an organ transplant." Dkt. 11 at 7. As noted above, Plaintiff misstates the date of her kidney transplant; it actually occurred more than a year before the adjudicated period began.

To the extent that Plaintiff also argues that the ALJ's reasoning lacks specificity due to "little cite to reference in the objective record[,]" this argument is not persuasive because the ALJ's decision contains a lengthy summary of the objective medical evidence. AR at 954-57. When read as a whole, the ALJ's decision provides clear and convincing analysis of the objective evidence in discounting Plaintiff's subjective complaints. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) (finding it proper to "read the ALJ's decision as a whole" and the repetition of "similar factual analyses" at multiple steps of the sequential evaluation process a "needless formality").

4. *Daily activities*

With regard to the ALJ's findings about Plaintiff's activities, she again argues that the ALJ erred in failing to ask her any questions about her activities at the second administrative hearing. Dkt. 11 at 8. As explained above, Plaintiff has not shown error under the circumstances of this case related to the ALJ's failure to elicit this testimony.

Plaintiff goes on to argue that the ALJ erred in assessing the credibility of her subjective statements at all, because the remand order did not so instruct the ALJ. Dkt. 11 at 8.

REPORT AND RECOMMENDATION - 12

This argument should be rejected. The Appeals Council vacated the prior ALJ decision and instructed the ALJ to issue a new decision. AR at 1050-54. Because Plaintiff alleged impairment-related limitations, the ALJ was bound to evaluate her subjective complaints. *See* SSR 16-3p, 2016 WL 1119029, at *2. The ALJ did not err in evaluating Plaintiff's subjective statements.

Plaintiff also questions whether the ALJ misinterpreted the evidence related to her activities, by assuming that she performed them more frequently throughout the adjudicated period than she actually did. Dkt. 11 at 8-10. She avers that there is no evidence that she performed activities inconsistent with an inability to perform even sedentary tasks. Dkt. 11 at 10. Plaintiff's contentions notwithstanding, the ALJ indeed cited activities that are inconsistent with Plaintiff's alleged limitations, particularly related to her vision: the ALJ noted that Plaintiff claimed that her vision problems prevented computer use, but also reported an ability to check her e-mail daily, read, watch television, and use a computer. AR at 954, 957 (referencing AR at 181, 185-86). The ALJ reasonably found these activities to be inconsistent with her alleged limitations.

The ALJ also noted that Plaintiff testified at the first administrative hearing that she applied for jobs and turned down job offers during the adjudicated period due to the location of the jobs. AR at 954. Plaintiff contends that the ALJ mischaracterized her testimony, because she testified that she turned down job offers before 2010, and therefore before the adjudicated period in this case. Dkt. 11 at 10. A review of the hearing transcript reveals that it is Plaintiff who mischaracterizes the record, once again: she testified that she received offers in December 2010, which is during the adjudicated period, and upon questioning of counsel reiterated that she looked for work throughout 2010. AR at 49-50, 55-56, 58. The ALJ did not err in finding that Plaintiff's application for full-time jobs during the adjudicated period suggests a level of

REPORT AND RECOMMENDATION - 13

functioning inconsistent with her alleged limitations. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009).

Because the ALJ provided clear and convincing reasons to discount Plaintiff's subjective complaints, the ALJ's findings should be affirmed.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 30, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 7, 2017**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 16th day of June, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge